### Ivory Witt vs. Major W. Potter & others.

Berkshire.    September 10, 1878.    Ames & Soule, JJ., absent.

In an action of contract, the declaration alleged that the defendants executed a bond to the plaintiff, and set forth a copy of the bond, (which was in the usual form of a bond given by a petitioner to vacate and set aside a judgment, under the St. of 1875, c. 33, and executed by one of the defendants as principal and the others as sureties,) and alleged that the judgment described in the condition of the bond was not vacated or set aside; that the principal defendant had not paid or satisfied the judgment or the execution issued thereon; that the judgment remained unpaid and unsatisfied, and that the defendants owed the plaintiff the amount of the judgment. *Held*, that the declaration was upon the bond and not upon the judgment; that objections to the form of the declaration could only be taken advantage of by demurrer; and that exceptions to a ruling that the plaintiff was entitled to recover on the declaration must be overruled, with double costs.

CONTRACT against Major W. Potter, Robert Noble and M. M. Gavitt. The declaration was as follows:

" And the plaintiff says the defendants executed to him a bond as follows, to wit: Bond — Copy. Know all men by these presents: That I, M. W. Potter of Pownal, in the State of Vermont, as principal, and Robert Noble and M. M. Gavitt of Williamstown, county of Berkshire, Massachusetts, as sureties to said Potter, are bound and obliged hereby unto Ivory Witt, surviving partner of the firm of Alford & Witt, in the penal sum of eight hundred dollars, to the true payment of which to the said Witt, his executors, administrators and legal representatives, we bind ourselves and each of us, our and each of our heirs, executors and administrators. Sealed with our seals and dated this 28th day of February, A. D. 1877. The condition of this bond is such, that whereas said H. W. Potter has filed a petition, or is about to file a petition, in the Superior Court for said county of Berkshire against said Ivory Witt, surviving partner of Alford & Witt, to obtain a review of a judgment rendered March 17, 1876, in the Superior Court for said county of Berkshire against him, the said Potter, for damages $321.77 and costs of suit $13.37 in an action of contract, and to have said judgment vacated and set aside; now if said judgment shall not be vacated upon said petition, and if the said Potter shall satisfy the same if not vacated and all costs accrued on any execution issued

therein, or in case said judgment is vacated, if said Potter shall satisfy any execution which may issue in favor of said Witt on any judgment which may be rendered in the review or in the proceedings under said petition, then this obligation shall be void, otherwise to remain in full force.

" Signed, sealed and delivered       M. W. Potter [seal.]
    in presence of                   Robert Noble [seal.]
        " K. Danforth.               M. M. Gavitt [seal.]
        " H. T. Tallmadge.

" And the plaintiff says further that the judgment mentioned and described in the condition of the said bond, to wit, the judgment which the said Major W. Potter petitioned to have vacated and set aside by said proceedings in review, was not so vacated and set aside as petitioned by said Potter.

" And the plaintiff says that said Potter has not paid or satisfied the judgment nor the costs of suit to recover the same. And the said Potter has not paid the execution issued on the said judgment, and that said judgment as to both damages and costs still remains unpaid and unsatisfied.

" And the plaintiff says the defendants owe him the amount of said judgment, to wit, the sum of three hundred twenty-one dollars and seventy-seven cents damages and thirteen dollars and thirty-seven cents costs of suit and interest on the same."

The answer contained a general denial ; alleged that the judgment mentioned in the declaration had been paid and satisfied ; that the judgment had been obtained by the fraud and deceit of the plaintiff ; that Potter had fulfilled all the obligations imposed on him by the bond ; and " that no legal cause of action is set forth against any one or all of the defendants according to law, and no valid judgment can be rendered by this court thereon."

At the trial in the Superior Court, before *Dewey*, J., the plaintiff offered in evidence the record of the proceedings upon the petition for review. The defendants objected to the same as not being competent or legal for any purpose under the pleadings, but the judge admitted it. It appeared from the record that the judgment had not been vacated, and that the petition had been dismissed. The plaintiff then offered in evidence a bond, which was admitted by the defendants to be their genuine bond, exe-

cuted and delivered by them to the plaintiff upon the petition for review, and of which the bond declared on is a copy; and it was proved or admitted that the judgment and costs named in the bond had in no part been paid or satisfied. No other evidence was introduced.

The defendants asked the judge to rule, as matter of law, that the action could not be maintained, because no cause of action was substantially set forth as required by law; and that the jury must find that the bond declared on was the bond signed and executed by the defendants, or the action could not be maintained. But the judge refused so to rule, and ruled that the declaration was substantially sufficient in law, and the action could be maintained; and directed the jury to return a verdict for the plaintiff for the penalty named in the bond. The defendants alleged exceptions.

*A. J. Waterman*, for the defendants. By the practice act, a declaration on a bond must not only set forth the conditions of the bond, but assign the breaches relied on, and aver performance of all conditions precedent to the right of the plaintiff to recover; all substantive facts necessary to constitute the cause of action must at least be stated with substantial certainty, and the omission to do so may be objected to either by the answer or by request for a ruling at the trial. Gen. Sts. *c.* 129, § 2, *cls.* 3, 9, 10; §§ 81, 87. *Hollis* v. *Richardson*, 13 Gray, 392. *Read* v. *Smith*, 1 Allen, 519. *Murdock* v. *Caldwell*, 8 Allen, 309. *Hotchkiss* v. *Judd*, 12 Allen, 447. *Rogers* v. *Newbury*, 105 Mass. 533. *Montague* v. *Boston & Fairhaven Iron Works*, 97 Mass. 502. Buswell & Walcott's Mass. Pract. 265, 276. The declaration in the present case sets forth a bond supposed to have been filed under the Gen. Sts. *c.* 146, § 19, as amended by the St. of 1875, *c.* 33; and is defective in not averring the rendition of the judgment and its existence in favor of the plaintiff, the filing of the petition for a review and the action of the court thereon, and the approval of the bond by a judge of the court in which the judgment was rendered. And it cannot be gathered or understood from the declaration whether the action is upon the bond or upon the judgment.

*A. G. Potter*, for the plaintiff, was not called upon, and moved for double costs.

BY THE COURT. The declaration is evidently upon the bond executed by all the defendants, and not upon the judgment rendered against the defendant Potter only. The objections made in argument are to matter of form and not of substance, and could not be taken otherwise than by demurrer, specially assigning the causes. Gen. Sts. *c.* 129, §§ 11, 12. *Clay* v. *Brigham,* 8 Gray, 161. *Huntress* v. *Burbank,* 111 Mass. 213.

*Exceptions overruled, with double costs.*