ANNIE GLYNN *vs.* MAURICE V. BLOMERTH.

Suffolk.     October 6, 1942. — October 28, 1942.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & COX, JJ.

*Practice, Civil,* Variance.

There was a fatal variance between a declaration containing allegations that the plaintiff was injured by slipping on an "unnatural" accumulation of snow and ice on steps on the defendant's premises, and proof merely that there was a coating of "clear ice" on the steps; and it was proper for the trial judge under leave reserved to order entered a verdict for the defendant.

TORT. Writ in the Superior Court dated May 31, 1939. The action was tried before *Forte,* J.

*H. L. Barrett*, for the plaintiff.

*J. A. Bradley*, for the defendant.

DOLAN, J. This is an action of tort to recover compensation for personal injuries sustained by the plaintiff as a result of falling on the "front steps" of premises, admitted by the defendant to have been owned by him and under his control at the time of the accident. He also admitted due receipt of proper notice of the accident.

The declaration is in two counts, recited to be for the same cause of action. At the close of the evidence the defendant moved for a directed verdict. The judge directed a verdict for the defendant on the second count, but denied the defendant's motion as to the first count, subject to the defendant's exception. The case was submitted to the jury, who returned a verdict for the plaintiff which was recorded with leave reserved under G. L. (Ter. Ed.) c. 231, § 120; and thereafter, on motion of the defendant, the judge entered a verdict for him under the leave reserved. The case comes before us on the plaintiff's exceptions to that action of the judge.

The first count of the plaintiff's declaration alleges that on February 2, 1939, she was lawfully on the premises in question, which were under the control of the defendant, "when she was caused to fall and sustain injuries by reason of stepping on an unnatural accumulation of snow and ice on the premises . . . which was caused to be thereon all owing to the negligence of the defendant, his agents or servants." The defendant's answer contained a general denial and alleged contributory negligence on the part of the plaintiff.

The plaintiff's exception to the entry of the verdict for the defendant under leave reserved presents the question of law to be considered. "The burden of proof rested upon the plaintiff to establish the allegations of" her "declaration. The test to determine the correctness of the action of the trial judge in ordering the entry of a verdict for a defendant under leave reserved is whether the evidence in its aspect most favorable to the plaintiff could rightly be found to support the contentions essential to the mainte-

nance of his cause of action." *Holton* v. *Shepard,* 291 Mass. 513, 515, and cases cited. The case is to be treated as though a verdict had been directed for the defendant upon his motion therefor. *Curtis* v. *Comerford,* 283 Mass. 589, 591. Thus considered, there was evidence that would have warranted the jury in finding the following facts. The plaintiff was employed daily to do housework by a tenant of the defendant who occupied an apartment in the premises in question. The plaintiff worked there each day, usually from "nine o'clock until half past six," when she would return to her own home. On the day the accident happened, she arrived at the premises about nine o'clock. The front steps leading to the tenant's apartment were then "kind of slushy." In the afternoon it "rained and snowed and sleeted." At about 6:30 P.M., proceeding to leave the premises, the plaintiff saw a coating of ice on the four stone steps leading to the sidewalk. She placed her foot on the top step, slipped and fell down the four steps and onto the sidewalk, and thus sustained the injuries complained of.

There was evidence that when the plaintiff's employer, the tenant, rented the apartment in the premises involved, the defendant agreed that his janitor would keep the steps clean and safe, and free from ice and snow.

The evidence would not have warranted the jury in finding that the ice on the steps was an unnatural accumulation of snow and ice. The evidence was to the effect that there was ice on the steps, "clear ice." There was no evidence that it had accumulated because of dripping from or having been otherwise diverted in unnatural amounts by any defect in the premises.

Since, as already observed, the evidence would not have warranted the jury in finding that there was any unnatural accumulation of snow or ice upon the steps in question, there was, as argued by the defendant, a variance between the declaration and proof. The rule of pleading, "both at common law and under the statute, is that a declaration must state concisely and with substantial certainty the substantive facts constituting the cause of action, with such clearness and precision that the defendant may be

able to plead to it intelligently and directly. G. L. (Ter. Ed.) c. 231, § 7, Second." *Grandchamp* v. *Costello*, 289 Mass. 506, 507. The defendant's motion for a directed verdict raised every defence open to him on the evidence, *Drake* v. *Boston Safe Deposit & Trust Co.* 307 Mass. 399, 402, and it was proper to set aside the verdict returned in favor of the plaintiff and to enter a verdict for the defendant under the leave reserved. *Granara* v. *Jacobs*, 212 Mass. 271, 275. *Duggan* v. *Woodis*, 246 Mass. 431, 434. *Shea* v. *Crompton & Knowles Loom Works*, 305 Mass. 327, 329. In entering the verdict for the defendant, the judge must be taken to have had the declaration before him, which did not allege the cause in fact proved. *Farolato* v. *Springfield Five Cents Savings Bank*, 310 Mass. 806, 807. See also *Bucholz* v. *Green Bros. Co.* 272 Mass. 49, 55; *Aldworth* v. *F. W. Woolworth Co.* 295 Mass. 344, 345; *DesLauries* v. *Shea*, 300 Mass. 30, 32; *Carroll* v. *Cambridge Electric Light Co.*, ante, 89, 93–94.

*Exceptions overruled.*