LEWIS A. RICHARDS *vs.* THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

Bristol.   October 22, 1951. — January 2, 1952.

Present: QUA, C.J., LUMMUS, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Practice, Civil,* Variance; Ordering verdict; Exceptions: what questions open.

The question of a variance between the declaration and the evidence in an action was open to the defendant upon his exception to the denial of a motion for a directed verdict specifically referring to the declaration.

There was a variance between a declaration alleging that unreasonable delay by the defendant, a common carrier, in transporting goods caused loss to the plaintiff and evidence showing only that the loss was caused by water during the transportation.

CONTRACT OR TORT. Writ in the Superior Court dated November 15, 1946.

The action was tried before *Forte, J.*

*P. F. Perkins*, for the defendant.

*J. F. Henry,* (*H. F. Wood* with him,) for the plaintiff.

LUMMUS, J. There was evidence for the plaintiff of the following facts. In October, 1945, he bought 2,200 live geese in Prince Edward Island, Canada, which were shipped to Mansfield, Massachusetts, in two livestock cars, with straw bedding and ninety bushels of potatoes in each car. The geese were dry and in good condition when shipped early in the morning of Monday, October 15. The geese arrived at Mansfield in the afternoon of Saturday, October 20, over the defendant railroad. When the cars arrived water was running freely from them. The geese were very wet, and the plaintiff thought they had been wet within two or three hours. The dead ones numbered 141, and the living ones were very weak, and when the plaintiff got them to his farm 110 more died. The potatoes would provide sufficient water for the geese on the trip, and in fact almost all the potatoes had been eaten on the trip. The bill of lading warned the carrier not to "feed or water en route" and not to "turn water hose on birds." The two cars arrived in Boston before 9 A.M. on October 20, and left Boston at 1:15 P.M.

The plaintiff's declaration was in two counts, both alleged to be for the same cause of action. The first count alleged unreasonable delay as the cause of the loss. The second count also alleged unreasonable delay by the defendant "or the initial or connecting common carrier." The plaintiff waived the first count and "so much of the second count as claimed delay," and said that he based his claim solely on the negligence of the defendant "in the transportation of these geese from Boston to Mansfield."

The judge denied a motion for a directed verdict in favor of the defendant, and the defendant excepted. The motion was based on the ground that there "is no evidence of delay, negligent or otherwise, in transportation on the defendant's

line of railroad, taking the case in the light of the plaintiff's allegation that the defendant accepted the shipment and delayed it." Upon a motion in that form we think that the variance between the declaration and the evidence was open to the defendant under its exception to the denial of its motion. *Pilos* v. *First National Stores Inc.* 319 Mass. 475, 477. The case differs from *Weiner* v. *D. A. Schulte, Inc.* 275 Mass. 379, 385, and similar cases, where the motion raised only questions of the sufficiency of the evidence without regard to the pleadings. See also *Beit Bros. Inc.* v. *Irving Tanning Co.* 315 Mass. 561, 563; *Pochi* v. *Brett*, 319 Mass. 197, 205.

Not only did the plaintiff waive any contention as to delay, but we find no evidence of unreasonable delay in transportation, and no evidence that the injuries to and deaths of the geese were the result of any delay. On the contrary, the only evidence is that the injury was due to water. There was plainly a variance, and the verdict cannot stand. *Glynn* v. *Blomerth*, 312 Mass. 299. *Zarski* v. *Creamer*, 317 Mass. 744, 747. *Coburn* v. *Moore*, 320 Mass. 116, 123, 124.

*Exceptions sustained.*