LOUIS KABATCHNICK *vs.* HANOVER-ELM BUILDING CORPO-
RATION & another.

Suffolk.    January 5, 1954. — April 14, 1954.

Present: QUA, C.J., LUMMUS, RONAN, WILLIAMS, & COUNIHAN, JJ.

*Practice, Civil,* Challenge of jurors, Parties, Variance.  *Evidence,* Rele-
vancy and materiality, Of value, Presumptions and burden of proof.
*Value.  Real Property,* Ownership.  *Words,* "Either party."

An agent alleged to have committed a tort while acting within the scope
of his employment and his principal who had not actively participated
in the alleged tort, when joined as defendants in one action by the in-
jured person pursuant to G. L. (Ter. Ed.) c. 231, § 4A, inserted by
St. 1943, c. 350, § 1, as amended, were each entitled to two peremptory
challenges of jurors under G. L. (Ter. Ed.) c. 234, § 29, as appearing in
St. 1945, c. 428, § 2.  [370]

In an action for deceit by a lessee against the lessor based on an alleged
false representation inducing the plaintiff to enter into a new lease at
a rental much higher than he had been paying and higher than the
value of the leasehold, evidence offered by the defendant as to the
amount of the plaintiff's gross business and profits during his occu-
pancy of the premises was admissible to show that that was the real
inducement for his entering into the new lease rather than reliance
upon the alleged misrepresentation; but such evidence was not com-
petent on the issue of the value of the leasehold.  [371–372]

A finding that an individual and a corporation were coöwners of certain
real estate, as alleged in the declaration in an action, was not war-
ranted by evidence all of which, except for isolated instances where
the individual appeared to have testified that he was the owner,
plainly showed that the corporation was the sole owner and that he
was an officer of the corporation and its manager.  [373]

This court simply sustained the defendants' exceptions in an action on
a record disclosing error in the ·denial of a motion by the defendants
for a directed verdict based on the pleadings in that there was a vari-
ance between a meritorious case made out by the plaintiff on the evi-
dence and the case alleged in the declaration, and also errors in limit-
ing the number of peremptory challenges of jurors by the defendants
and in excluding evidence offered by them.  [373–374]

TORT.    Writ in the Superior Court dated April 12, 1948.
Following the decision of this court reported in 328 Mass.
341, the action was tried before *Fairhurst,* J.

*Joseph B. Abrams,* (*Leo Gordon* with him,) for the defendants.

*Benjamin Goldman,* (*Arthur Ellison* with him,) for the plaintiff.

RONAN, J.   This is an action of tort for deceit brought against two defendants, Hanover-Elm Building Corporation and one Gordon, who, it is alleged, became in November, 1946, the owners of a building a portion of which was then occupied by the plaintiff under a lease from a former owner in which the rent was reserved at a rate of $4,500 and which would expire on March 1, 1947.  It is also alleged that the defendants falsely represented to the plaintiff, with the intent that he should rely thereon, that they had a bona fide offer from one Levine for the leasing of the premises at the rate of $10,000 a year; that unless the plaintiff entered into a new lease at said rental for a term of twelve years they would evict the plaintiff on March 1, 1947; and that the plaintiff relied upon such misrepresentations and entered into such a lease with the corporate defendant, all to his damage.  The declaration was held good when the case was here before.  *Kabatchnick* v. *Hanover-Elm Building Corp.* 328 Mass. 341.  The jury found against both defendants, and the case is here on various exceptions by the defendants. The plaintiff has also filed a bill of exceptions based upon the refusal of the judge, in allowing the bill of exceptions of the defendants, to include therein a certain paragraph that the plaintiff desired to have inserted.

During the empanelling of the jury, counsel for the defendants exercised two peremptory challenges which he stated were made in behalf of the individual defendant. He then attempted to claim two more such challenges in behalf of the corporate defendant.  The defendants contended that the action was one against a principal and an agent.  The plaintiff stated that the declaration set forth a joint action.  The judge ruled that the cause of action alleged in the declaration was a joint action "impressed in a single count," and that such challenges should be made in behalf of the defendants collectively, and ruled that the

defendants had exhausted their challenges. He allowed the first two challenges and, subject to exception, denied the right of the defendants to make more than two challenges in all.

The right to make a peremptory challenge did not exist at common law but is of statutory origin which in this Commonwealth arose out of St. 1862, c. 84, which provided that "either party in a civil cause, and the defendant in a criminal cause, shall, before the trial commences, be entitled to challenge peremptorily two of the jurors from the panel called to try the cause." Soon after its enactment, the interpretation of this statute came before the court in *Stone* v. *Segur*, 11 Allen, 568, which was an action for assault and battery against eleven defendants, each of whom claimed the right to two peremptory challenges. It was said that the words "either party" meant those on one side of a case, whether they be one or more persons, that those who unite in perpetrating a wrong upon another are in legal contemplation but one party, and that it was in this sense that the word "party" was used in the statute. It was accordingly held that the defendants together were entitled to only two peremptory challenges. The statute which has remained substantially unchanged in so far as it pertains to civil cases appears in G. L. (Ter. Ed.) c. 234, § 29, as amended by St. 1945, c. 428, § 2. It has been strictly construed. The right to more than two such challenges was denied in *Matthews* v. *New York Central & Hudson River Railroad*, 231 Mass. 10, where two trustees brought an action of tort to recover for damage to their real estate because of the improper operation of the railroad. They were coöwners and constituted but a single party within the meaning of the statute.

One who has sustained an injury in person or damage to his property by a wrong committed in which several persons have actively participated may bring an action against one or more of them, although of course he can have but one satisfaction of the judgments which he may recover. *Corey* v. *Havener*, 182 Mass. 250. *Donnelly* v. *Larkin*, 327 Mass. 287.

It has long been established in this Commonwealth that a principal or master who has not actively engaged with his agent or servant in committing a wrong, where liability is attempted to be imposed upon him because the wrong was committed by the agent or servant while acting within the scope of his employment, is not a joint tortfeasor with the offending agent or servant and cannot be joined in an action with the latter, *Parsons* v. *Winchell,* 5 Cush. 592, *Mulchey* v. *Methodist Religious Society,* 125 Mass. 487, *Feneff* v. *Boston & Maine Railroad,* 196 Mass. 575, 581; and if the principal or master is compelled to pay a judgment because of the wrongful act of the agent or servant, he can compel the latter to indemnify him. *Barry* v. *Keeler,* 322 Mass. 114, 128. Restatement: Restitution, § 96. See *Karcher* v. *Burbank,* 303 Mass. 303; Restatement: Agency, § 401.

But the plaintiff contends that by virtue of G. L. (Ter. Ed.) c. 231, § 4A, inserted by St. 1943, c. 350, § 1, as amended by St. 1947, c. 408, § 1, two or more persons may be joined in one action as defendants if there is asserted against them jointly or severally any right to recover in respect of or rising out of the same matter or transaction. This statute is one of procedure and permits the joining in a single action of wrongdoers, even acting independently of each other, who have contributed to cause the injury or damage of which the plaintiff complains. This remedial statute has been frequently employed. *Thorneal* v. *Cape Pond Ice Co.* 321 Mass. 528. *Repucci* v. *Exchange Realty Co.* 321 Mass. 571. *Nunan* v. *Dudley Properties, Inc.* 325 Mass. 551. *Koleshinski* v. *David,* 328 Mass. 276. It changes the former rule and now permits the joining of the principal and the agent in a single action even where the principal or master did not participate in the wrongful act of the agent or servant. *Collins* v. *Croteau,* 322 Mass. 291, 296. The statute, however, does not change the substantive law. It does not convert the several liability of the principal or master into a joint tort liability with the agent or servant. It certainly did not justify dealing with them as joint tortfeasors. In

the next place, the question of the number of peremptory challenges that should be allowed arises at the opening of the trial. A judge has little, at that stage of the trial, other than the pleadings upon which to determine whether the relations of the respective litigants to each other and to the cause of action are such that under the statute, G. L. (Ter. Ed.) c. 234, § 29, any of them is entitled to two such challenges, or whether all together they comprise one party plaintiff or defendant as the case may be. It is, however, to be noted in this case that a pre-trial report, which we assume was in the papers before the judge and which shaped and limited the issues which were to be tried, stated that the defendant Gordon was the president and treasurer of the corporate defendant and was authorized to negotiate for the lease in its behalf. This was persuasive evidence that the action was to be tried on the theory that Gordon was acting within the scope of his employment as agent of the corporate defendant. That report seems to have been overlooked although the defendants' counsel directed the judge's attention to the fact that the action was against a principal and an agent. We think a separate cause of action against the principal could be joined with a cause of action arising out of the wrong committed by its agent within the scope of his employment, but we do not think that putting them in a single count changed the nature of the cause of action against each of them or deprived them of two peremptory challenges to which each was entitled under the statute.[1]

The right to exercise peremptory challenges gives a litigant a limited opportunity of choice and allows him to have a juror withdrawn who in his opinion, because of bias, prejudice, or some other personal characteristic, is not inclined to look with favor upon him or upon the nature of the controversy, where he lacks sufficient grounds to support a challenge for cause. The right is a valuable one, and where, as

[1] Both principals and agents are considered as one party under statutes regulating the number of peremptory challenges in jurisdictions where the principals and agents are deemed to be joint tortfeasors. See 136 A. L. R. 417.

here, a party is deprived of its exercise he has a just cause of complaint. *Sackett* v. *Ruder*, 152 Mass. 397, 400–402. *Searle* v. *Roman Catholic Bishop of Springfield*, 203 Mass. 493, 499–500.

There was evidence that, during the negotiations for the lease, the plaintiff, in order to satisfy Gordon that he would be able to pay the increased rent, stated to Gordon that his gross. sales amounted to $300,000 to $350,000 a year and that he made a "terrific profit" upon some of the sales of his merchandise. The judge subject to the exception of the defendants refused to permit them to inquire of the plaintiff with respect to his gross business and profits. The defendants contended that the evidence was competent upon the issues of liability and the value of the lease.

One of the issues of liability was what influence, if any, the alleged misstatements of Gordon had upon the plaintiff. We think it was open to the defendants to show that the amount of business and profits which the plaintiff had made during his occupancy of the premises was the real inducement for executing the new lease and not reliance, as the plaintiff contended, upon the alleged misrepresentations. In order to recover it was not necessary for the plaintiff to prove that he relied solely upon the misrepresentations. It was enough if he could prove that they were one of the principal grounds that caused him to execute the new lease or, in other words, that he would not have executed the lease if the false statements had not been made. What it was that actuated him to do so was a question of fact. The evidence was competent as tending to show on what the plaintiff relied. *National Shawmut Bank* v. *Johnson*, 317 Mass. 485, 490. *Golding* v. *108 Longwood Avenue, Inc.* 325 Mass. 465, 468.

The evidence was not competent on the value of the lease which was the other ground upon which it was offered. Doubtless, where the plaintiff in an action of deceit was induced to purchase property by statements of the vendor that the profits were a certain amount, he may show that the profits were less than represented in order to prove the

falsity of the representations and to prove his damages by using the profits as represented as evidence to compute the value of the property if the statements were true and by using the evidence of actual profits to compute the actual value of the property. *Powers* v. *Rittenberg*, 270 Mass. 221, 223–224. *Forman* v. *Hamilburg*, 300 Mass. 138, 140–141. In the instant case, the defendants made no misrepresentations concerning profits. Here the evidence was offered to prove the value of the lease. The value of a leasehold used for the conduct of business depends upon so many factors that the amount of gross receipts or of net profits alone would not furnish an adequate criterion for the determination of its value. In the case at bar, evidence of profits to prove the value of the lease had such little persuasive effect that the judge in his discretion properly excluded it. *Nelson Theatre Co.* v. *Nelson*, 216 Mass. 30, 36. *Revere* v. *Revere Construction Co.* 285 Mass. 243, 248–250. *Ferrick* v. *Barry*, 320 Mass. 217, 227. *Amory* v. *Commonwealth*, 321 Mass. 240, 258. The case is distinguishable from those where evidence as to loss of profits, when shown with a reasonable degree of certainty to have been within the contemplation of the parties in making the lease, has been admitted where the lessor has broken the lease by refusing to grant a renewal or to prevent competition with the lessee's business. *Neal* v. *Jefferson*, 212 Mass. 517. *Sheff* v. *Candy Box Inc.* 274 Mass. 402. *Parker* v. *Levin*, 285 Mass. 125.

The defendants' motions for directed verdicts in so far as they related to the merits were properly denied for all the essential elements of an action for deceit were proved, *Alpine* v. *Friend Bros. Inc.* 244 Mass. 164, 167; *Piper* v. *Childs*, 290 Mass. 560, 562, even though there were some variations in testimony as to the exact terms of the representation made by Gordon. It was enough that the jury could find that they could have been fairly understood as alleged. See *Adams* v. *Collins*, 196 Mass. 422, 430; *Sheffer* v. *Rudnick*, 291 Mass. 205, 209; *Downey* v. *Finucane*, 205 N. Y. 251. These motions were also based upon the pleadings. The declaration alleged that the defendants were co-

owners. The few isolated places in the testimony where Gordon appears to have said that he was the new owner, in the teeth of all the rest of the evidence relating to ownership of the demised premises, the truth of which can hardly be challenged, to the effect that the corporate defendant had purchased the property, that Gordon was an officer of the corporation and managed its affairs, that he held a second mortgage from the corporation, that the plaintiff and the corporation alone mutually released each other under the existing lease before the present lease was executed, and that the only parties to the present lease were the plaintiff and the corporate defendant, were at most no more than a mere scintilla of evidence which fell far short of warranting a finding that Gordon was a coöwner with the corporation. It was said in *Buswell* v. *Fuller*, 156 Mass. 309, 312–313, quoting from *Hillyer* v. *Dickinson*, 154 Mass. 502, 503–504, "The view no longer prevails that a party who has the burden of proof can retain a verdict in his favor by pointing to a mere scintilla of evidence, when, on an examination of the whole case, the court can find no substantial evidence to support it." *Rainger* v. *Boston Mutual Life Association*, 167 Mass. 109, 110. *Farnham* v. *Lenox Motor Car Co.* 229 Mass. 478, 484. *Hartmann* v. *Boston Herald-Traveler Corp.* 323 Mass. 56, 59–60. There was a variance between the declaration and the proof.

There is nothing here that would warrant us in now dealing with Gordon as the sole defendant, as the plaintiff now offers to do, by discontinuing against the corporation, as was done in *Mulchey* v. *Methodist Religious Society*, 125 Mass. 487, where after a full trial found free from error except in joining the principal and the agents, the plaintiff was permitted to discontinue against the agents.

Where a verdict has been directed on the ground of variance and where the plaintiff has failed to make out a case, the plaintiff's exceptions have been overruled. *Glynn* v. *Blomerth*, 312 Mass. 299. In other cases where the plaintiff has made out a meritorious case but different from the one alleged and where the motion has been based on a variance,

we have given the plaintiff an opportunity to apply in the trial court to amend the pleadings to conform to the proof. *Coburn* v. *Moore*, 320 Mass. 116, 123–124. We have at times simply sustained the defendant's exceptions where the plaintiff has made out a case but not the case alleged. *Richards* v. *New York, New Haven & Hartford Railroad*, 328 Mass. 204. We think the last course is the proper one to adopt here.

The plaintiff's exception is to the refusal of the judge, in allowing the defendants' substitute bill of exceptions, to include therein a certain paragraph as requested by the plaintiff. If we assume, without deciding, that an exception is the proper remedy, the exception must be overruled since in any event the defendants' exceptions must be sustained; consequently the plaintiff was not harmed.

We have considered all matters which are likely to arise at the new trial.

*Plaintiff's exceptions overruled.*
*Defendants' exceptions sustained.*