SUPREME COAT COMPANY & others[1] *vs.* LYON WAREHOUSE
AND DISTRIBUTING COMPANY
(and a companion case[2]).

Worcester.   January 5, 1955. — April 7, 1955.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & COUNIHAN, JJ.

*Practice, Civil,* Statement by judge to jury; Stipulation; Variance;
Exceptions: what questions open; Amendment.

In an action for damage alleged to have been caused by a fire occurring
through negligence of the defendant, acquiescence of the defendant in
a statement by the judge to the jury that damages had been agreed
upon and that the "whole issue" for the jury was "the cause of the
fire and the responsibility of the defendant as to the cause" precluded
the defendant, after a verdict for the plaintiff, from raising in this
court any question as to the relationship between or status of the
parties. [506–507]
A question of variance between the declaration and the proof in an ac-
tion was not open to the defendant in this court where that question
was not raised in the trial court.   [507]
In an action for damage caused by fire, wherein it was agreed in effect
that the only issue for the jury to determine was "the cause of the
fire and the responsibility of the defendant as to the cause" and a
verdict for the plaintiff was returned, there was no error in allowance
of a motion thereafter made by the plaintiff to amend the declaration
by striking out an allegation that the plaintiff was a tenant of the de-
fendant and by substituting an allegation that the plaintiff had en-
trusted goods to the defendant, a public warehouseman, as bailee.
[507]

TWO ACTIONS OF TORT.   Writs in the Superior Court
dated March 28, 1949, and September 1, 1949, respectively.
The actions were tried before *Meagher,* J.

*John P. Dunn,* for the defendant.

*Charles W. Proctor,* (*Frank Howard & James N. Gabriel*
with him,) for the plaintiffs.

---

[1] Harvey Corporation and Louis Widoff.

[2] The companion case is by Burke Brothers Distilleries, Inc., against the
same defendant.

COUNIHAN, J.   These are actions of tort in which the plaintiffs seek to recover damages by reason of a fire on premises which the defendant allegedly rented from the Harvey Corporation, one of the plaintiffs.   The other plaintiffs alleged that they were tenants of the defendant.   All of the plaintiffs alleged that the fire, which occurred on March 13, 1948, was caused to be set and spread by the negligence of the defendant.   The actions are here upon exceptions of the defendant to the denial of its motions for directed verdicts and to the allowance of motions of two of the plaintiffs to amend their declarations.   There was no error.

One Katz, who was the president and treasurer of the defendant corporation, was called as a witness by the plaintiffs.   After his direct examination had ended the judge stated to the jury "that damages had been agreed on and would be stated later, and that the whole issue for them to decide is the question of the cause of the fire and the responsibility of the defendant as to the cause."   Later the judge told the jury that the Harvey Corporation was the owner of the building.   The judge instructed the jury that if they found for the plaintiffs they should assess damages in certain specified amounts which had been agreed upon by the parties.   The jury returned a verdict for each plaintiff in the agreed amount.

There was ample evidence that the fire was caused by the negligence of the defendant in the installation and maintenance of an oil space heater in its office in the building.   Other than the statement of the judge as to the Harvey Corporation, there was no evidence as to the relationship which existed between the plaintiffs and the defendant or the status of the parties.   The defendant argues that because of the absence of such evidence the plaintiffs may not recover.   There is no merit in such contention.

When the judge made the statement to the jury relative to the issue to be decided by them, all of the parties acquiesced.   No exceptions were taken by the defendant and no requests for instructions were later made by it.   The de-

fendant manifestly agreed that the only issue was its responsibility for the fire. In effect it admitted that, if the jury should find that the damages sustained were caused by the fire and that the fire was caused by the negligence of the defendant, then the plaintiffs were entitled to recover. The verdicts of the jury fixed the responsibility of the defendant and it is too late now to raise questions as to the relationship of the parties or their status. Its right to do so was foreclosed by its acquiescence in the statement the judge made to the jury. *Leonard* v. *White,* 5 Allen, 177, 178.

There is likewise no merit in the contention of the defendant that there was a variance between the allegations of the plaintiffs in their declarations and the proof offered at the trial. In *Friedman* v. *Huck's Transfer, Inc.* 329 Mass. 362, at page 364, we said, "Though no request was made asking that a verdict be ordered for the defendant on the ground of variance between the declaration and the proof, the defendant contends that there was a variance. As to this, it is enough to say that the point is not open here since it does not appear to have been raised in the court below." In the cases at bar no question of a variance was raised at the trial and the motions for directed verdicts do not appear to have been based on the pleadings. *Weiner* v. *D. A. Schulte, Inc.* 275 Mass. 379, 385. *Berwin* v. *Levenson,* 311 Mass. 239, 246. *Kilham* v. *O'Connell,* 315 Mass. 721, 723. See *Leigh* v. *Rule,* 331 Mass. 664.

Finally the defendant complains of the allowance of motions of two of the plaintiffs to amend their declarations after verdicts were returned by the jury. These amendments permitted Widoff and Burke Brothers Distilleries, Inc., to strike out allegations in their declarations that they were tenants of the defendant and to substitute allegations that they were bailors who had entrusted goods to the defendant, a public warehouseman. There was no error in the allowance of these motions. "It is a general principle as to the conduct of jury trials that the presiding judge may permit amendments of pleadings, may alter issues to

be submitted to the jury . . . in order to accomplish justice." *Capano* v. *Melchionno,* 297 Mass. 1, 15. G. L. (Ter. Ed.) c. 231, § 51.

*Exceptions overruled.*