Cheng *v.* Chin Wai Yip.

*Decree affirmed.*

LINDA B. CHENG, administratrix, *vs.* CHIN WAI YIP & others, trustees.

Suffolk.   January 6, 1959. — May 7, 1959.

Present: WILKINS, C.J., RONAN, SPALDING, WILLIAMS, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Practice, Civil,* Motion for directed verdict. *Contract,* Parties, With trust. *Trust,* Contracts.

Discussion of motions for a directed verdict. [174–176]

A motion by the defendant in an action for a directed verdict "on the allegations set forth in the plaintiff's declaration" was construed as the equivalent of a motion based on the pleadings and the evidence and as challenging not only the substantive adequacy of the declaration but also the sufficiency of the evidence. [176]

The trustees of a realty trust not shown to have transferable shares were not liable to a broker for an unpaid balance of a commission which, before the formation of the trust, two members of a group in behalf of the group had promised to pay the broker for services in procuring property later purchased by the trust, where it did not appear that the original or successor trustees ever purported to assume such obligation to the broker or entered into a new contract with him or that payments on account received by him over a period of several years, even if made from money of the trust, were made by someone having authority to bind it to such obligation. [176–177]

CONTRACT. Writ in the Superior Court dated March 16, 1955.

The action was tried before *Dowd, J.*

The case was argued in January, 1959, before *Wilkins,* C.J., *Ronan, Spalding, Whittemore,* & *Cutter,* JJ., and afterwards was submitted on briefs to all the Justices.

*Charles C. Worth,* (*Samuel Bonaccorso* with him,) for the defendants.

*Morris Shultz,* for the plaintiff.

WHITTEMORE, J. This is an action for a broker's commission against five individuals as trustees of a "realty trust."

The declaration alleged that "the defendants employed the plaintiff . . . ." The defendants excepted to the denial of their motion for a directed verdict "on the allegations set forth in the plaintiff's declaration." By "plaintiff" we shall refer to the original plaintiff for whom, on his death sometime after the trial, his administratrix was substituted.

The evidence showed that no defendant was a trustee when the alleged obligation was incurred. There was no evidence of a subsequent undertaking by any of them. The testimony relevant to the issue of liability may be summarized as follows: The plaintiff testified that two men, the Messrs. Chin, engaged his services for their group which was about to form an association or corporation; he reported the terms on which the property could be bought and the Chins said they would hold a meeting and let him know; they later told him that the members were in agreement, they would take the matter up with the owners and see him later about his commission; thereafter they said they could not pay the commission of $5,000 in one payment but that it would be paid to him in annual instalments "through one of the members or one of the trustees or the clerk, or the secretary"; the Chins signed a paper which recognized the obligation "on behalf of our colleagues"; the property was purchased by the trust and he received a payment at the end of 1943 from one of the Chins and he received other payments in the years 1944 to 1951, inclusive, and a payment in January, 1954; in 1954 after new trustees came into the organization "he demanded the rest of the $5,000" from the defendant trust; one of the trustees when asked for the money said "it is out of date"; "he owns five shares of stock in this realty trust"; he "received the first payment from the trust . . . at the end of 1943"; the Chins told him they represented "our company" and that it would "take care of you" after it was formed. One of the defendants testified that the plaintiff owns shares in the trust and "that as trustee he never paid Dr. Cheng any moneys on account of a commission . . . ."

1. The function of a motion for a directed verdict is to

challenge the opponent's right to recover as the case stands after the evidence is in. Rule 71 of the Superior Court (1954). If the pleadings are not specified in the motion and it is allowed, we must assume that the judge acted with the pleadings in mind, so that the correctness of his action may be supported by the showing of a variance. *Brasslavsky* v. *Boston Elev. Ry.* 250 Mass. 403, 404. *Glynn* v. *Blomerth,* 312 Mass. 299, 302. *Zarski* v. *Creamer,* 317 Mass. 744, 747. *Sandler* v. *Elliott,* 335 Mass. 576, 581–582. If such a general motion is disallowed, it reaches only substance and no question of a variance or a defective declaration is presented. The disallowance is sustained if the evidence shows a right to recover in any form of action (*Oulighan* v. *Butler,* 189 Mass. 287, 289; *Weiner* v. *D. A. Schulte, Inc.* 275 Mass. 379, 385; *Leigh* v. *Rule,* 331 Mass. 664, 667–668; *Supreme Coat Co.* v. *Lyon Warehouse & Distrib. Co.* 332 Mass. 505, 507), and, if necessary, an amendment to base the evidence on a proper declaration may be allowed. G. L. c. 231, § 125. *Whitney* v. *Houghton,* 127 Mass. 527, 529. See *New England Foundation Co. Inc.* v. *Elliott & Watrous, Inc.* 306 Mass. 177, 181.

The language commonly used to refer to the pleadings is "on the pleadings and the evidence." If such a motion is filed, a deficiency of the declaration to support a recovery is presented on exceptions whether the motion was allowed or disallowed. *Pilos* v. *First Natl. Stores Inc.* 319 Mass. 475, 477. *Richards* v. *New York, N. H. & H. R.R.* 328 Mass. 204, 206. *Kabatchnick* v. *Hanover-Elm Bldg. Corp.* 331 Mass. 366, 373–374. Commonly the question raised by a motion which refers to the pleadings is the adequacy of the declaration to describe the cause of action proved. See *Coburn* v. *Moore,* 320 Mass. 116, 124; *Richards* v. *New York, N. H. & H. R.R., supra; Kabatchnick* v. *Hanover-Elm Bldg. Corp., supra;* and, as to the opportunity to amend in such cases, *Sandler* v. *Elliott,* 335 Mass. 576, 589. Such a motion also challenges the substantive sufficiency of the allegations of the declaration, if proved, to entitle the plaintiff to judgment. *Murphy* v. *Russell,* 202 Mass. 480, 481. *Gahn* v.

*Leary,* 318 Mass. 425, 426.  Objections of form cannot be taken by such a delayed demurrer.  *Witt* v. *Potter,* 125 Mass. 360, 363.  Of course if the evidence does no more than support the insufficient allegations, a ruling on the declaration will be also a ruling on the insufficiency of the evidence.

In this state of the law we construe the defendants' motion as something more than a request for a ruling that proof of the allegations pleaded would not entitle the plaintiff to recover.  Compare the form of a request in *Witt* v. *Potter,* 125 Mass. 360, 362.  The motion was, in terms, a motion for a directed verdict, and we think the specification ("on the allegations set forth") shows an intent to make the necessary reference to the pleadings, and that it did not deprive the motion of its primary character.  It is difficult to conceive of the purpose in this case, or in the usual case, to be served by so wording a motion for a directed verdict as to exclude consideration of the sufficiency of the evidence.  We think the intention to have a motion serve its usual function of testing the sufficiency of evidence is reasonably to be implied, at least in the absence of an express indication that only a delayed demurrer was intended.  We construe the motion as the equivalent of a motion "on the pleadings and the evidence."

2.  The motion should have been allowed.

There was no basis in the evidence for holding the individual defendants, all successor trustees.  *Foote* v. *Cotting,* 195 Mass. 55, 60.  See *Horowitz* v. *State St. Trust Co.* 283 Mass. 53, 59; Williston, Contracts (Rev. ed.) § 312, p. 914.

The declaration was of dubious adequacy to state a cause of action against the trust under G. L. c. 182, § 6.  *Tyler* v. *Boot & Shoe Wkrs. Union,* 285 Mass. 54, 56.  *Maria Konopnicka Soc. of the Holy Trinity Polish Roman Catholic Church* v. *Maria Konopnicka Soc.* 331 Mass. 565, 568.  See *Mulloney* v. *United States,* 79 F. 2d 566, 577, cert. den. 296 U. S. 658.  In any event no cause of action against the trust was proved.  Its shares were not shown to be transferable.  See *Tyler* v. *Boot & Shoe Wkrs. Union, supra.*  The obligation of the Chins was incurred before the trust was formed (*Koppel* v.

*Massachusetts Brick Co.* 192 Mass. 223, 225, and cases cited), and it was not shown that the original trustees purported to assume it or that they or their successors ever entered into a new contract with the plaintiff. *Larson* v. *Jeffrey-Nichols Motor Co.* 279 Mass. 362, 366. *King* v. *American Powder Co.* 290 Mass. 464, 467–468. Compare *North Anson Lumber Co.* v. *Smith,* 209 Mass. 333, 337–338. It was speculative how many payments, if any after the first, were made from the trust's moneys. Even if it could have been found that someone having power to disburse the trust's moneys had, by making payments, acted as though there was a trust obligation, there is no evidence of authority of such persons to bind the trust. *Mansfield* v. *Lang,* 293 Mass. 386, 398. *Simonelli* v. *Boston Housing Authy.* 334 Mass. 438, 440–441.

*Exceptions sustained.*

*Judgment for the defendants.*