SARAH RODOFSKY *vs.* STOP & SHOP, INC. December 30, 1959. Exceptions overruled. The plaintiff's declaration in this action of tort alleged that on December 22, 1955, she was on the defendant's premises as a business invitee; that a "defective condition" existed on the premises which allowed "water to collect" and "run into channels toward a drain"; that the water "froze by operation of natural causes and created ridges of unnatural ice by automobiles travelling on the premises"; and that "by reason of said artificial accumulation of snow and ice [the plaintiff] was caused to fall." The evidence most favorable to the plaintiff showed that as the plaintiff crossed

the defendant's parking lot around 4 P.M. she slipped and fell; that the place where she slipped was near a sidewalk "on the side of the [defendant's] store with a roof over it"; that there were "ridges, deep marks, where the cars go in and out, and it was all frozen and covered with snow"; that the "ridges were of . . . ice about two inches high"; and that it was "all ridges where the cars had driven out in front." The weather that day was below freezing, the maximum temperature being 17°; it had started to snow at noon and continued until about 4 P.M. At the close of the evidence the defendant presented a motion for a directed verdict. One of the grounds set forth in the motion was that there was a variance between the declaration and the evidence. The motion was denied and the case was submitted to the jury who returned a verdict for the plaintiff, which was recorded under leave reserved. Thereafter, on motion of the defendant the judge entered a verdict for the defendant subject to the plaintiff's exception. There was no error. There was a fatal variance between the declaration and the proof. There was no evidence that the icy condition on which the plaintiff fell was due to any unnatural accumulation of water as alleged in the declaration. The case in this respect is on all fours with *Glynn* v. *Blomerth,* 312 Mass. 299, and is governed by it. The denial of the plaintiff's motion to amend reveals no error of law.

*William S. Pidgeon,* for the plaintiff.
*James D. Casey,* for the defendant.