OSCAR SWENSON *vs.* HERBERT A. HORGAN, JUNIOR,
trustee, & another.

Suffolk.     March 8, 1960. — June 7, 1960.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Trust,* Trustee's personal liability, Trustee's torts, Successor trustee. *Practice, Civil,* Parties.

An action of tort commenced by a writ describing the defendant as the trustee of a certain trust was against him as an individual; the characterization of him as a trustee should be disregarded as surplusage. [154]

A successor trustee of a trust was not liable for tortious conduct of his predecessor trustee causing injury to one employed by the predecessor. [154]

A realty trust not shown to be a "trust" within G. L. c. 182, §§ 1, 6, could not be sued in an action for tortious conduct of its trustee. [154]

TORT. Writ in the Superior Court dated August 14, 1958.

The action was tried before *Fairhurst, J.*

*Edward F. Mahony,* for the plaintiff.

*Warren G. Miller,* for the defendant Horgan.

WILLIAMS, J. The court allowed the defendants' motions for directed verdicts presented at the conclusion of the plaintiff's opening statement to the jury, and the plaintiff excepted. The writ is in tort and dated August 14, 1958. It runs against Herbert A. Horgan, Junior, as he is successor trustee of Sumner Trust, sometimes known as the Sumner Realty Trust, and Daniel Prelack as he is successor trustee of Thirty Commonwealth Avenue Trust and the successor trustee of Two-Thirty Trust.

The plaintiff's declaration is in four counts, each alleging the receipt of personal injuries by the plaintiff in the course

of his employment on August 13, 1957, while painting the interior of a building at 121 Commonwealth Avenue, Boston.

In count 1 it is alleged that the plaintiff was employed by Sumner Realty Trust; in count 2 that he was employed by Thirty Commonwealth Avenue Trust; in count 3 that he was employed by Two-Thirty Trust; and in count 4 that he was employed by the said three trusts "as members of a joint enterprise." In his opening counsel stated that the plaintiff had been working for the three trusts since the spring of 1957. He was hired by Herbert A. Horgan, Senior, who was trustee for each of the trusts, which had been "set up" to cover certain individual apartment houses on Commonwealth Avenue. These houses were operated together and had more than three employees. See G. L. c. 152, § 1 (4) (d). None of the trusts was "registered with the Industrial Accident Board." The defendants were not trustees when the plaintiff was injured and have succeeded Herbert A. Horgan, Senior, who is dead.

It appears from the writ that the action is against the defendants as individuals. *Eaton* v. *Walker,* 244 Mass. 23, 30. *Tyler* v. *Boot & Shoe Wkrs. Union,* 285 Mass. 54, 55. The references to them as successor trustees are merely characterizations, to be disregarded as surplusage. *Gardiner* v. *Rogers,* 267 Mass. 274, 278. *Alfano* v. *Donnelly,* 285 Mass. 554, 555. It is not contended that they employed the plaintiff but are successors to the trustee who was his employer. It is plain that as successor trustees they cannot be held liable for the tortious conduct of their predecessors in trust. *Foote* v. *Cotting,* 195 Mass. 55, 60. *Cheng* v. *Chin Wai Yip,* 339 Mass. 173, 176–177. Scott on Trusts (2d ed.) § 223. Perry, Trusts and Trustees (7th ed.) § 437a. The trusts were not legal entities as distinguished from the trustees, *Larson* v. *Sylvester,* 282 Mass. 352, 357, *Peterson* v. *Hopson,* 306 Mass. 597, 612, and cannot be substituted by amendment as parties defendant. It does not appear that they were subject to G. L. c. 182, § 6.

*Exceptions overruled.*