EVELYN BERRY *vs.* DAVID B. STONE & another.

Suffolk.    March 4, April 10, 1963. — April 22, 1963.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & KIRK, JJ.

*Practice, Civil,* Variance, New trial, Argument of counsel. *Evidence,* Failure to produce witness.

In the circumstances of an action of tort for personal injuries by a domestic servant against a householder in which there was a verdict for the plaintiff at a trial on an ambiguous declaration not properly setting forth any cause of action for negligence and the defendant alleged an exception to denial of a motion for a directed verdict based on the pleadings and the evidence, this court neither provided for allowance of an amendment of the declaration as a basis for overruling the exception, as contended for by the plaintiff on the ground that the issue of negligence had been fully tried, nor ordered judgment for the defendant, but merely sustained the exception in order to permit a new trial after such amendment of the declaration as the trial court might allow.    [754–755]

Where a doctor who first treated the plaintiff in an action for personal injuries was equally available to both parties for summoning as a witness, no inference from the absence of the doctor at the trial should be drawn nor comment on his absence made.    [755–756]

A repetition by counsel of a certain argument to the jury after the judge had told him that he ought not to have made it was improper.    [757]

TORT.  Writ in the Superior Court dated May 9, 1959.

There was a verdict for the plaintiff at the trial before *Coddaire,* J., and the defendants alleged exceptions.

*Walter F. Henneberry (John J. C. Herlihy* with him) for the defendants.

*Thomas D. Burns (Frank Shapiro* with him) for the plaintiff.

WHITTEMORE, J.  These are the defendants' exceptions in an action of tort to the denial of a motion for a directed verdict, based on the pleadings and the evidence, to rulings on evidence, and to the plaintiff's argument and the charge. The action was brought for injuries sustained by the plaintiff on April 23, 1958, in the house of the defendants where she was temporarily employed to take care of the defendants' new born baby and three older children.

The plaintiff testified, inter alia, as follows: Six year old David, on April 23, threw gravel on the playroom floor as he had done before; the plaintiff had cleaned it up on the previous occasions; this time she spoke of the resulting "dangerous condition" to the defendant Sara C. Stone (hereinafter sometimes referred to as the defendant); the defendant said she would see that David cleaned up the gravel; about five minutes later the defendant came into the kitchen and said she was going out to visit; the plaintiff went upstairs with laundry and on the way saw the gravel; after putting the laundry away she heard the baby cry and she came down stairs hurriedly and was running across the playroom floor when her heel struck the pebbles and crushed stone and she fell; David, having cleaned up some of the gravel, went out of the house at about the time when the defendant left; the plaintiff's duties included picking up after the children; the defendant, when she learned of the injuries, called to attend the plaintiff, Dr. Barton Smith, whom the plaintiff had not seen before; later the plaintiff consulted her personal physician, Dr. Lawrence Kvitka.

There was no other testimony as to how the plaintiff fell or the state of the playroom floor.

The plaintiff called Dr. Kvitka who testified to her injuries, care, and treatment.  Neither side called Dr. Smith.

The defendant testified that Dr. Smith had been and still was her family doctor, and that he was still practising in Dedham; also that on April 25, 1958, she took the plaintiff to the office of Dedham Medical Associates for X-rays.

1. The defendants' contention is that the case as it went to the jury[1] (a first count in negligence having been discontinued) was for breach of an assumed obligation to provide workmen's compensation benefits and that there is in law no such obligation. They contend that, in the light of the discontinuance of count 1, the declaration cannot rightly be construed to refer to negligence in respect of the condition of the playroom floor.

The charge shows that the trial judge construed the declaration as based on such negligence, and deemed its reference to G. L. c. 152 to be for the purpose of calling attention to the circumstance that, although under G. L. c. 152, § 1 (4), the provisions of the chapter were elective as to the defendants, §§ 66 and 67 had deprived the defendants of the defences of contributory negligence, negligence of a fellow employee and assumption of risk.

The plaintiff contends that the issue of negligence was fully tried and that an amendment of the declaration should be allowed as a basis for overruling the exceptions. See *Coburn* v. *Moore,* 320 Mass. 116, 124 (rescript permitted amendment in the trial court). See also cases cited in *Sandler* v. *Elliott,* 335 Mass. 576, 589, as to power to amend in this court.

The declaration fails to state either ''concisely and with substantial certainty'' or in any way at all any ''substantive facts necessary to constitute the cause of action'' for negligence. G. L. c. 231, § 7, Second. In the circumstances of the discontinuance of the count for negligence and the con-

---

[1] ''Count 2. The plaintiff says that on or about the 23rd day of April, 1958 she was an employee of the defendants within the meaning of Chapter 152, Section 1, at the defendants' premises at 447 Westfield Street, Dedham, County of Norfolk; that as an employee of the defendants, she was entitled to the benefits of Chapter 152 of the General Laws of this Commonwealth; that the defendants were not insured under the provisions of Chapter 152 of the General Laws and that on or about the 23rd day of April, 1958 the plaintiff was injured in the course of her employment and suffered personal injuries, all to her great damage as in her writ alleged.''

sequent ambiguity of the case presented by the pleadings, as well as our views on the points discussed below, we prefer to follow *Richards* v. *New York, N. H. & H. R.R.* 328 Mass. 204, 206, and *Kabatchnick* v. *Hanover-Elm Bldg. Corp.* 331 Mass. 366, 374, and sustain the exceptions without ordering judgment for the female defendant. This will permit a new trial against her after such amendment as the Superior Court may allow.

Judgment, however, is to be entered for the defendant David B. Stone. Although it was agreed that both defendants were in control of the premises, there is no evidence which tends in any way to suggest a breach by him of any duty to the plaintiff.

2. In argument the plaintiff's counsel said, "But the proof of this case is this, who was the first doctor who examined her? What connection did he have with the defendants? I asked Mrs. Stone, 'Is he available?' 'Yes, he is.' 'Is he still your doctor?' 'Yes.' " The defendants' counsel objected that there was "no such testimony about availability" and to any comment about the doctor's absence. The plaintiff's counsel asked, "May I press the argument" and the judge said, "You may proceed. I will instruct the jury." The defendants excepted. The plaintiff's counsel then said, "Let me put it to you, did Mrs. Stone say that Dr. Smith was her doctor? Did I ask her if he was still practicing in Dedham? Did she say Yes? Perhaps you wonder, as well you might, and I argue to you it is proper for me to comment, that, knowing the availability of that doctor and having it proved to you, why didn't they bring him in?" The defendants objected and excepted. The plaintiff's counsel continued. "I wonder why they didn't bring him in, if this woman didn't fall down, if they didn't tell him that she slipped on the pea stone, if she didn't have a head injury and she didn't have a back injury."

The judge in his charge instructed that "if a witness is shown . . . to be available . . . and does not appear . . . it is proper for counsel to comment . . . but there must be a showing that the witness was available . . . . You have

heard the testimony on Dr. Barton Smith and you will apply that rule with respect to his not being here.''

The defendants' counsel after the charge asked that the judge instruct also that if the witness is equally available to both sides any comment relating to the absence of the witness is improper. The judge then instructed that where a witness is available to both parties and could be summoned by either it is not proper for either party to comment on the fact that the witness was not brought in and no inference should be drawn from the fact that one or the other of the parties did not bring in the witness.

That Dr. Smith had attended the plaintiff made it likely that he would respond to her request to appear. It is reasonable in the usual case to expect a plaintiff to call an available physician who first attended her after her injury. Still practising in Dedham, the physician could have been summoned by either side. The evidence stated in the bill did not warrant more of an inference against one side than the other based on the unexplained absence of Dr. Smith. *Grady* v. *Collins Transp. Co. Inc.* 341 Mass. 502, 504–509, and cases cited.

As the plaintiff's brief recognizes, the final instruction was, in substance, correct for the facts of the case and, this being so, we think the judge should have stopped the plaintiff's argument at the point of first objection. The assertion that the defendant had testified that Dr. Smith was ''available'' misstated the evidence and tended to confuse immediate actual availability with opportunity to summon a reasonably necessary witness (see *Grady* case, p. 505). Allowing the argument to continue tended to suggest that there was a basis for the inference which the argument asserted. Full correction in the charge therefore (the defendants having no opportunity to reply) would have included the categorical statement that Dr. Smith was equally available to be summoned by the plaintiff and could be expected to respond to the call of a former patient; also in some form of words, that the possible inferences tended to offset each other and that nothing should be made of the absence of this witness.

However, we do not have the defendants' argument in this hard fought case and as there is to be a new trial, we refrain from determining whether this error, or the trial conduct noted in point 3, *post,* would, in other circumstances, require reversal.

3. The plaintiff's counsel in argument asked the jury to recall that when the defendants' counsel was examining the plaintiff about "places where she got her employment" the defendants' counsel was "writing these down" and added "I am sure that evening the summonses flew around to bring these people in to prove — ." Upon objection the judge asked what summonses were referred to and in answering counsel said "I argue . . . that [it] is a proper inference to be drawn because none of them were brought in here." The judge instructed that counsel "should not comment on such possibilities based upon just merely your observations in the Courtroom." Upon request of the defendants' counsel he then instructed that the jury "may disregard that part of the argument." The plaintiff's counsel then said "Now, Mr. Foreman, did you see . . . [the defendants' counsel] writing these names down? Did you? And did you hear any disproof from anyone except . . . [one witness] that she was not disabled . . . [for] every minute that she says she was?" This improper argument plainly should not have been repeated after the judge had ruled against it.

We note a somewhat similar repetition of an argument in respect of the plaintiff's eyesight after the judge had sustained an objection thereto.

> *Exceptions sustained.*
> *Judgment for the defendant*
> *David B. Stone.*