RICHARD F. HENRICKSON *vs.* DREWRYS LIMITED U.S.A.,
INC. & another.

Worcester. November 2, 1965. — December 6, 1965.

Present: SPALDING, CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*Practice, Civil,* Challenge of jurors. *Jury and Jurors.*

In a civil action in which a corporation and its agent were joined as defendants pursuant to G. L. c. 231, § 4A, to enforce alleged several but not joint liabilities, the plaintiff was entitled to four peremptory challenges of jurors on account of each defendant under c. 234, § 29, as amended through St. 1963, c. 187.

TORT. Writ in the Superior Court dated December 28, 1962.

The action was tried before *Noonan, J.*

*William T. Talcott, Jr.,* for the defendant Drewrys Limited U.S.A., Inc.

*William E. Bernstein* for the plaintiff.

CUTTER, J. Originally this action of tort was brought only against a corporate defendant (Drewrys) to recover for personal injuries and property damage suffered in a motor vehicle accident. One Depari, an agent or servant of Drewrys, was later added as a defendant. The case was tried with a companion action brought by the plaintiff against one Murphy. When the jury were impanelled, the judge allowed the plaintiff to exercise twelve peremptory challenges. Drewrys and Depari objected to the allowance of more than eight such challenges. After the jury were selected, counsel for Drewrys saved an exception to the allowance of more than eight peremptory challenges. We assume, without deciding, that the exception was seasonably saved. There were verdicts for the plaintiff upon two counts against Drewrys.[1]

---

[1] The bill of exceptions does not disclose whether Drewrys used all the peremptory challenges allowed to it. In the view we take of the case, this circumstance is here immaterial. See, however, G. L. c. 234, § 32.

In what could have been brought as separate actions to enforce alleged liabilities, which were several and not joint, of Drewrys and Depari, we hold that the plaintiff was entitled to four challenges on account of each defendant, under G. L. c. 234, § 29 (as amended through St. 1963, c. 187). See *Kabatchnick* v. *Hanover-Elm Bldg. Corp.* 331 Mass. 366, 369–371, holding that each defendant, joined in an action under G. L. c. 231, § 4A (as amended through St. 1947, c. 408, § 1), to enforce several liabilities, is entitled to his separate quota of peremptory challenges. See also Rule 48 of the Superior Court (1954). In a single action under § 4A to enforce several liabilities against separate defendants, there is no statutory reason for confining a plaintiff to one quota of peremptory challenges. Thus to limit a plaintiff would discourage the use of the simpler procedure authorized by § 4A, for if a plaintiff were to bring a separate action against each defendant, he would have one such quota in each case. The trial judge's ruling is consistent with the legislative purpose expressed in § 4A, which helps to avoid a multiplicity of actions.

*Exceptions overruled.*