van Gestel, J.
This memorandum contains the Court’s analysis of the peremptory challenge issue in this case. The issue is controlled by a statute, a rule of civil procedure and some decisional gloss.
The statute is G.L.c. 234, Sec. 29. It reads in its entirety as follows:
In a civil case each party shall be entitled to four peremptory challenges. Such challenges shall be made before the commencement of the trial and may be made after it is determined that a person called to serve as a juror stands indifferent in the case.
(Emphasis added.)
The rule is Mass.R.Civ.P. Rule 47(b). It reads as follows:
The court may order impanelled a jury of not more than sixteen members and the court shall have jurisdiction to try the case with such jury as provided by law. Each side is entitled to 1 peremptory challenge in addition to those otherwise allowed by law if 1 or 2 additional jurors are to be impanelled, and 2 peremptory challenges if 3 or 4 additional jurors are to be impanelled.
(Emphasis added.)
“There is no fundamental right to peremptory challenges under either Federal or Massachusetts constitutional law.” Commonwealth v. Freiberg, 405 Mass. 282, 292 (1989).
Henrickson v. Drewerys Limited U.S.A, Inc., 349 Mass. 679, 680 (1965), holds that a plaintiff facing multiple defendants in claims that could have been brought as separate actions to enforce liabilities which were several, and not joint, was entitled to four chai *11 lenges on account of each defendant. The same reasoning would seem to apply to a defendant defending against two plaintiffs whose claims are several, not joint.
Any inaccuracy with regard to the number of peremptory challenges permitted by the Court is immaterial unless there is a showing that the party affected was required to accept one or more jurors whom it wished to challenge or in the absence of a showing that the ruling affected the jury’s verdict in some material way. Demoulas v. Demoulas, 428 Mass. 555, 560 (1998).
In this case there are two separate plaintiffs, Brown Rudnick and Lieff Cabraser, bringing what is basically a breach of contract action against essentially one defendant, the Commonwealth. The Court intends to seat 14 jurors.
The two plaintiffs, as parties, could be considered as bringing a single joint action for breach of the two contracts to which each are parties. The Court, however, is willing to consider their claims separately for these purposes. Thus, they each are entitled to four peremptory challenges under G.L.c. 234, Sec. 29. Additionally, under Rule 47(b), the plaintiffs’ side is entitled to one additional peremptory challenge for the two additional jurors to be seated. This constitutes nine peremptory challenges for the plaintiffs’ side.
Although the same statute would give the Commonwealth, as a party, only, four peremptory challenges, and the Rule would give the Commonwealth’s side one additional challenge, the holding in the Henrickson case would appear to permit the Court to allot to the Commonwealth the same number of peremptory challenges as that of the two plaintiffs.
This Court considers the Rule 19(a) plaintiffs, the Rule 19(a) defendants and the Attorney General and the Comptroller, the latter in their respective official capacities, as those kinds of joint, rather than several, entities that would not entitle any one of them to any peremptory challenges other than to share in those allotted to the primary parties on their respective sides.
ORDER
For the foregoing reasons, this Court will permit each side of the versus to have nine peremptory challenges, such challenges to be divided among the parties on each side as they may agree.